E-FILED
Monday, 19 August, 2013  11:17:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and, STATE OF ILLINOIS for the use and benefit of IOWA BASED MILLING, LLC, an Iowa limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>FISCHER EXCAVATING, INC., CONCRETE STRUCTURES OF THE MIDWEST, INC., WESTERN SURETY COMPANY, and CONTINENTAL CASUALTY COMPANY,<br><br>Defendants. | Case No. 4:12-cv-4082-SLD-JAG |

## ORDER

The Court has an independent duty to satisfy itself that it has subject matter jurisdiction. *Hammes v. AAMCO Transmissions*, 33 F.3d 774, 778 (7th Cir. 1994). Thus, before the Court can rule on the Defendants' motions to dismiss, Iowa Based Milling must first properly invoke the jurisdiction of this Court.

Iowa Based Milling alleges that the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, based on diversity of citizenship. But complete diversity has not been properly alleged. Because the State of Illinois and the United States are nominal parties, see *District of Columbia, ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1047 (D.C. Cir. 1986) (holding that that District of Columbia was not a real party in interest in a little Miller Act case and explaining that the United States is not a real party in interest in a Miller Act case), Iowa Based Milling must show complete diversity between itself and each defendant. To properly alleged diversity of citizenship, the citizenship of each party to the

1

litigation must be identified. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The citizenship of a limited liability company, like Iowa Based Milling, is the citizenship of each of its members. *Id.* at 33-34. Iowa Based Milling did not properly allege its citizenship because it failed to identify all of its members and all of their citizenships. Further, under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of both the state in which it has been incorporated and its principal place of business. Iowa Based Milling only alleges where Western Surety Company and Continental Casualty Company have their principal places of business.

Iowa Based Milling also alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because a violation of the Miller Act is a cause of action that arises under federal law. In order to invoke the Miller Act, 40 U.S.C. § 3133, Iowa Based Milling must allege that it "furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title…." A bond under section 3131 is required for repairs to any public work "of the Federal Government." 40 U.S.C. § 3131(b). Because the repair in this case was being done on the Quad City Airport, it is unclear from the complaint whether a bond was furnished under 40 U.S.C. § 3131, or whether the bonds alleged to have been furnished in this case were furnished under the little Miller Act, 30 ILCS 550/1. *See* Verified Complaint at ¶¶ 14-15, ECF No. 1. Accordingly, the Court is not satisfied that subject matter jurisdiction exists in this case.

Iowa Based Milling is hereby ORDERED to file a supplemental jurisdictional statement properly alleging the subject matter jurisdiction of this Court. Iowa Based Milling has until August 29, 2013, to comply with this Order or this case may be dismissed for lack of jurisdiction.

Entered this 19th day of August, 2013.

                                                  s/ Sara Darrow
                                                  SARA DARROW
                                          UNITED STATES DISTRICT JUDGE