UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and, STATE OF ILLINOIS for the use and benefit of IOWA BASED MILLING, LLC, an Iowa limited liability company,<br><br>  Plaintiffs,<br><br>v.<br><br>FISCHER EXCAVATING, INC., CONCRETE STRUCTURES OF THE MIDWEST, INC., WESTERN SURETY COMPANY, and CONTINENTAL CASUALTY COMPANY,<br><br>  Defendants. | Case No. 4:12-cv-4082-SLD-JAG |

ORDER

The Quad City International Airport needed one of its runways resurfaced. Concrete Structures of the Midwest, Inc. won the contract. Concrete Structures hired a subcontractor, Fischer Excavating, Inc., to help on the project. Iowa Based Milling, LLC, then allegedly entered into an oral contract with Fischer Excavating to do milling work on the project. After Iowa Based Milling performed substantial work on the project, Fischer Excavating allegedly shorted Iowa Based Milling more than $85,000 in fees. Iowa Based Milling brings this lawsuit to recover from the contractor (Concrete Structures) or the subcontractor (Fischer Excavating). Under the Miller Act and Illinois's Little Miller Act, Iowa Based Milling also seeks to recover from the bond holders and possibly Concrete Structures. In this case, Concrete Structures obtained a bond on the project from Continental Casualty Company and Fischer Excavating obtained a bond on the project from Western Surety Company.

1

Iowa Based Milling brings four causes of action: breach of contract, unjust enrichment, misrepresentation, and a Miller Act violation. The complaint, however, is ambiguous as to which theory of liability matches up with which defendant. For this reason, and other reasons that will be discussed below, each of the four defendants moved, separately, to dismiss each cause of action. *See* ECF Nos. 23-26. For the reasons explained below, the Defendants' motions to dismiss are GRANTED in part and DENIED in part. The Court grants Iowa Based Milling leave to amend its complaint to address the deficiencies explained below. Iowa Based Milling has until October 17, 2013, to file an amended complaint.

## BACKGROUND

The facts are taken from Iowa Based Milling's verified complaint, ECF No. 1. After Concrete Structures won the resurfacing contract and hired Fischer Excavating as a subcontractor, Fischer Excavating turned to Iowa Based Milling to mill the surface of the runway. A representative from Fischer Excavating contacted Peter Simon, the owner and manager of Iowa Based Milling, to inform Simon that the project required milling of fourteen inches of material. Simon consistently informed Fischer Excavating that Iowa Based Milling did not have the equipment necessary to mill fourteen inches of material. But Fischer Excavating was insistent that Iowa Based Milling take the job, even assuring Simon that it was not worried about Iowa Based Milling's ability to perform and that Fischer Excavating would "work with" Iowa Based Milling should any issues come up. Nonetheless, Simon refused to sign a contract to perform work that Iowa Based Milling may not be capable of performing.

Iowa Based Milling thus performed work under only an oral contract. As the work continued, Iowa Based Milling would invoice Fischer Excavating. Though Fischer Excavating made some payments, Iowa Based Milling alleges that over $85,000 of invoices are still outstanding and that Fischer Excavating refuses to pay.

# DISCUSSION

## I. Jurisdiction

Iowa Based Milling alleges that the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, based on diversity of citizenship. Iowa Based Milling also alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because a Miller Act violation is a cause of action that arises under federal law. The Court raised concerns with subject matter jurisdiction in this case. *See* Order, ECF No. 39. In light of Iowa Based Milling's supplemental jurisdictional statement, ECF No. 40, the Court is satisfied that it has jurisdiction over this case pursuant to § 1332. Because jurisdiction exists under § 1332, the Court declines at this time to make a finding as to whether jurisdiction is also proper under § 1331.

## II. Defendants' Motions to Dismiss

Each Defendant moves to dismiss all four causes of action. Because the Defendants' theories substantially overlap, the Court will discuss all four motions to dismiss together.

### A. Breach of Contract

To state a claim for breach of contract, Iowa Based Milling must allege: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Lake County Grading Co., LLC v. Antioch*, 985 N.E.2d 638, 644 (Ill. App. 2013). Iowa Based Milling states that "[i]t is admitted that Count I of the Verified Complaint is directed against Fischer Excavating." Resistance to Motion to Dismiss Brought by Concrete Structures of the Midwest, Inc. at 3, ECF No. 32. Therefore, the motions to dismiss Count I filed by Concrete Structures, Western Surety, and Continental are GRANTED. That only leaves Fischer Excavating.

Fischer Excavating argues that Iowa Based Milling does not allege that it completed all of the obligations required under the oral contract. Fischer Excavating fails to identify how Iowa

3

Based Milling failed to perform. The complaint is relatively straightforward—Iowa Based Milling performed work pursuant to an oral contract and invoiced Fischer Excavating and Fisher Excavating did not pay. As such, Fischer Excavating's Motion to Dismiss Count I is DENIED.

### B. Unjust Enrichment

All four Defendants make the same faulty argument about why the Unjust Enrichment claim should be dismissed: Iowa Based Milling neglected to plead Count II in the alternative and its breach of contract theory is inconsistent with its unjust enrichment theory. Defendants' argument is wholly without merit. Federal Rule of Civil procedure 8(d)(3) clearly states: "A party may state as many separate claims or defenses as it has, regardless of consistency."[1]

However, Iowa Based Milling made that explicit in its briefing that Count II is not brought against Western Surety or Continental. *See* Resistance to Motion to Dismiss Brought by Western Surety Company at 6, ECF No. 33, *and* Resistance to Motion to Dismiss Brought by Continental Casualty Company at 6, ECF No. 34. Accordingly, the Court will DENY Fischer Excavating's and Concrete Structures' Motions to Dismiss Count II and DENY AS MOOT Western Surety's and Continental's Motions to Dismiss Count II.

### C. Fraud in the Inducement and Misrepresentation

To begin with, Iowa Based Milling conceded that the title of this Count mistakenly states "Fraud in the Inducement." Resistance to Motion to Dismiss Brought by Fischer Excavating, Inc. at 7, ECF No. 31. As such, the Defendants' Motions to Dismiss Fraud in the Inducement is GRANTED.

---

[1] Defendants all also arguably violated Local Rule 7.1(B)(1) because they offer no authority for their position that Iowa Based Milling needs to explicitly explain that it is pleading in the alternative. Further, Defendants' argument flirts with Rule 11's prohibition against making frivolous arguments.

Turning to Misrepresentation, Iowa Based Milling concedes that this Count is brought only against Fischer Excavating. *See id.* at 6-7. As such, the motions to Dismiss Count III filed by Concrete Structures, Western Surety, and Continental are GRANTED. That only leaves Fischer Excavating again.

To properly allege a claim of fraudulent misrepresentation against Fischer Excavating, Iowa Based Milling must allege the following elements: "1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance." *Doe v. Dilling*, 888 N.E.2d 24, 35-36 (Ill. 2008). Moreover, under Federal Rule of Civil Procedure 9(b), Iowa Based Milling must "state with particularity the circumstances constituting fraud…." This is commonly understood to be a heightened pleading standard. Iowa Based Milling has failed to meet this pleading standard because it does not specifically allege who made a false statement, why the statement was false, or why the person making the statement knew or believed the statement to be false. The complaint alleges that statements found in paragraphs 28 through 36 support a misrepresentation cause of action. Compl. at ¶ 64, ECF No. 1. But the mere fact that a Fischer Excavating representative may have promised to pay Iowa Based Milling and did not make payment is not enough to state a claim for fraudulent misrepresentation. *See Aasonn, LLC v. Delaney*, 961 N.E.2d 939, 953 (Ill. App. 2012). Further, statements that the State of Illinois was "back-logged" and "holding everything up" are not alleged to be false. *See* Compl. at ¶¶ 35-36, 65. Accordingly, Fischer Excavating's Motion to Dismiss Count III is also GRANTED.

### D. Federal Miller Act and Illinois Little Miller Act

To begin with, Iowa Based Milling concedes that Count IV is not brought against Fischer Excavating. Resistance to Motion to Dismiss Brought by Fischer Excavating, Inc. at 8, ECF No. 31. Therefore, Fischer Excavating's Motion to Dismiss Count IV is GRANTED.

The remaining Defendants each move to dismiss a cause of action under the Illinois Mechanic's Lien Act. The Court cannot understand why the Defendants believe this Act is implicated by the complaint. In any case, Iowa Based Milling agrees that the Illinois Mechanic's Lien Act is not relevant here. Resistance to Motion to Dismiss Brought by Western Surety Company at 8, ECF No. 33. Accordingly, the Defendants' Motion to Dismiss the Illinois Mechanic's Lien Act claim is DENIED AS MOOT.

Regarding Western Surety and Continental, the only argument they make for dismissal is that Count IV pleads two separate causes of action. The Court rejects this argument because neither Western Surety nor Continental provided any legal support. That said, the sentiment is well-taken. The complaint is unclear as to whether Iowa Based Milling brings a federal cause of action, a state cause of action, or both. And if Iowa Based Milling is bringing both a Miller Act and a Little Miller Act claim, to which Defendant(s) does the federal statute apply and to which does the state statute apply? Because Count IV is unclear and does not give fair notice to the Defendants as to who is being accused of violating which Miller Act, the Defendants' Motions to Dismiss Count IV is GRANTED.

## CONCLUSION

Counts I – IV are DISMISSED, with the exception of Count I against Fischer Excavating and Count II against Fischer Excavating and Concrete Structures. Iowa Based Milling is given leave to amend its complaint. The Court advises Iowa Based Milling that should it amend its complaint, it needs to clearly explain what causes of action are being brought against which

Defendants. Iowa Based Milling has until October 17, 2013, to file an amended complaint without seeking leave of Court. Defendants' motion for hearing, ECF No. 35, is DENIED.

Entered this 26th day of September, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
