IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF ILLINOIS FOR THE USE AND BENEFIT OF IOWA BASED MILLING, LLC, an Iowa Limited Liability Company,<br>    Plaintiffs,<br><br>v.<br><br>FISHER EXCAVATING, INC., CONCRETE STRUCTURES OF THE MIDWEST, INC., and WESTERN SURETY COMPANY, and CONTINENTAL CASUALTY COMPANY,<br>    Defendants. | Case No. 4:12-CV-04082-JEH |

**Order**

Before the Court are Plaintiff's, Iowa Based Milling LLC ("IBM"), Second Motion for Sanctions and to Compel (D. 79)[1] and Defendants' Concrete Structures of the Midwest, Inc. ("Concrete Structures") and Continental Casualty Company ("Continental"), Motion to Deposit Funds and For other Relief (D. 87). For the reasons set forth below, the Second Motion for Sanctions and to Compel is GRANTED IN PART AND DENIED IN PART, and the Motion to Deposit Funds and for Other Relief is MOOT.[2]

---

[1] Citations to the Docket are cited as "(D. __)."
[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (D. 72).

1

# I
## A

The alleged facts in this case have been set forth in detail previously, and the Court will not repeat them here. Suffice it to say that Defendant Concrete Structures of the Midwest, Inc. ("Concrete Structures") won a contract to resurface a runway at Quad Cities International Airport ("QCIA"). Concrete Structures hired a subcontractor, Defendant Fischer Excavating, Inc. ("Fischer Excavating"), who then allegedly hired Plaintiff Iowa Based Milling, LLC, in an oral agreement, to mill the runway on several occasions. Concrete Structures obtained a bond on the project from Defendant Continental Casualty Company ("Continental") and Fischer Excavating obtained a bond on the project from Western Surety Company ("Western Surety"). Afterward, Fischer Excavating allegedly shorted Iowa Based Milling more than $85,000 in fees. Iowa Based Milling filed a seven-count amended verified complaint seeking to recover from Concrete Structures or Fischer Excavating or the bonds provided in their favor. Fisher Excavating in turn filed a three-count counterclaim against IBM, although only the breach of contract claim contained in count I of the counterclaim survived a motion for judgment on the pleadings. Additionally, IBM has now settled this case with all parities but Fisher Excavating and its surety, Western Surety.

## B[3]

The facts giving rise to the motions now before the Court center around an ongoing discovery dispute between IBM and Fisher Excavating. On March 2, 2015, IBM propounded interrogatories, requests for production, and requests for admission to Fisher Excavating. (D. 81 at p. 2). IBM followed up the requests to

---

[3] The facts in this section are taken largely from the recordings of the hearings before this Court. These recordings are available to the parties upon request to the Clerk of the Court.

Fisher Excavating by letter on April 20, 2015, requesting a response on or before May 1, 2015. *Id.* Fisher Excavating failed to provide any responses to the discovery requests, a fact which was noted at status conferences with the Court on April 14, 2015, May 28, 2015, and October 22, 2015. On November 1, 2015, IBM filed a motion for sanctions premised on Fisher Excavating's ongoing failure to respond to the discovery requests. (D. 73). Fisher Excavating, in its response, conceded that the requests to admit must be "deemed" admitted due to its failure to respond thereto and did not dispute that it had failed to respond to the interrogatories or requests to produce. (D. 75).

    The Court held a hearing on the motion for sanctions on December 1, 2015. Although the Court denied the motion for sanctions, the Court did find that the unanswered requests to admit were deemed admitted, that Fisher Excavating had waived any objections to the interrogatories or requests to produce, and that it had 21 days to respond to the outstanding discovery requests. Fisher Excavating sent responses to IBM within the time set by the Court but, as outlined in a letter of January 5, 2016 from IBM to Fisher Excavating, IBM found some of the responses deficient.

    On January 8, 2016, the Court held a hearing regarding the discovery Fisher Excavating produced to IBM on December 22, 2015 pursuant to the Court's order. Although at that hearing Fisher Excavating attempted to argue about the scope and relevance of some of the interrogatories, the Court noted that it had previously held that Fisher Excavating's previous failures to respond at all to those interrogatories waived its right to object. However, because the parties had not yet conferred regarding the discovery dispute, the Court directed the parties to discuss the problems IBM had with the answers to interrogatories and set the matter for another hearing after that conferral for January 14, 2016. The parties reported at that hearing that they had reached agreement on the

outstanding issues, and Fisher Excavating was ordered, pursuant to the agreement, to correct the deficiencies in its responses by February 26, 2016.

However, February 26 came and went without Fisher Excavating fulfilling its obligations under the agreement. A month later on March 23, 2016, the Court held another hearing where the parties noted that Fisher Excavating had still not submitted anything to supplement, clarify, or correct the original responses it sent to IBM back on December 22, 2016. The Court gave Fisher Excavating another six weeks to correct the deficiencies pursuant to an agreement reached between the parties and relayed to the Court at the January 14, 2016 hearing.

The additional six weeks came and went as well, and the parties were again before the Court on August 10, 2016 on the same, ongoing discovery dispute. Again at that hearing, it was undisputed that the deficiencies noted by IBM in its January 5, 2016 letter to Fisher Excavating were still not corrected. The Court, after noting that the trial setting in this case had been moved several times due to the same discovery dispute, directed IBM to file a written motion to compel for its consideration. IBM filed its Second Motion for Sanctions and to Compel pursuant to that direction from the Court.

In that motion now before the Court, IBM argues that Fisher Excavating has never fully answered the interrogatories served on them despite the numerous extensions of time granted by the Court to them for doing so.[4] Given the many months of delay, IBM sought dismissal of Fischer Excavating's counterclaim and default judgment on its claims as a sanction pursuant to Federal Rule of Civil Procedure 37. IBM also sought its costs and attorney fees related to the issue. (D. 80). Defendant Fisher Excavating responded that its

---

[4] IBM noted that the two surety companies "have answered their discovery after a fashion and Iowa Based Milling, LLC did not complain about the adequacy of the responses."

December 22, 2015 production "substantially complied" with the request to answer interrogatories. (D. 93-1).

## C

After IBM filed the Second Motion for Sanctions and to Compel, Defendants Concrete Structures and Continental Casualty then filed a Motion to Deposit Funds or for other Relief on August 31, 2016. However, those parties subsequently settled this matter with IBM, and, pursuant to the settlement, stipulations of dismissal were filed as to those parties on January 24, 2017. (D. 96). Although Western Surety stated at a January 13, 2017 hearing that it had adopted the motion of its co-defendants, nothing on the Docket indicates that it did so. Moreover, even assuming that it had, the motion seeks permission from the Court for Concrete Structures and Continental Casualty to deposit funds pursuant to Federal Rule of Civil Procedure 67(a). Given that those parties have now settled the case, the Court cannot grant the relief requested in the motion. In light of the settlements, therefore, the Motion to Deposit Funds and for other Relief (D. 87) is MOOT.

## II
## A

Given the settlement between IBM and Concrete Structures and Continental Casualty, as well as IBM's statement in its motion that Western Casualty has complied with its discovery obligations, the only facet of the discovery dispute remaining before the Court, as framed by IBM in its motion, is Fisher Excavating's continued failure to address the deficiencies in its answers to interrogatories provided to IBM on December 22, 2015. The Court will therefore limit its discussion to that issue.

Federal Rule of Civil Procedure 37(b)(2) provides:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> (iii) striking pleadings in whole or in part;
>> (iv) staying further proceedings until the order is obeyed;
>> (v) dismissing the action or proceeding in whole or in part;
>> (vi) rendering a default judgment against the disobedient party; or
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Subsection (b)(2)(C) also provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FRCP 37(b)(2)(C).

Applying this rule in *Roland v. Salem Contract Carriers, Inc.*, 109 F.R.D. 424 (N.D. Ind. 1986), the court dismissed a personal injury action as a sanction for the plaintiff's refusal to answer interrogatories over a period of a year despite two court orders directing the plaintiff to do so. While noting that "dismissal of a plaintiff's case is the most drastic remedy available to a court, and a case should not be dismissed unless the court is satisfied that less drastic sanctions will not be

effective," the court found that the plaintiff's failure was "deliberate, willful, and in bad faith such that dismissal was warranted." *Roland*, 109 F.R.D. at 425. In reaching this conclusion, the court considered the length of the delay, any reasons advanced for the refusal to comply with the discovery orders, and the willfulness or bad faith of the recalcitrant party. *Id. citing Insurance Corporation of Ireland Ltd. v. Compagnie des Bauxites de Guinea,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)*; Hindmon v. National-Ben Franklin Life Insurance Corporation,* 677 F.2d 617, 620–21 (7th Cir.1982)*;* and *Margoles v. Johns,* 587 F.2d 885, 888 (7th Cir.1978).

Choosing a less drastic sanction in *Lucas v. GC Services L.P.,* 226 F.R.D. 328 (N.D. Ind. 2004), the court found that the defendant's unjustified refusal to answer interrogatories warranted the sanction of paying the plaintiffs' attorney's fees related to the two separate motions to compel that the plaintiff filed in an effort to receive answers to interrogatories. The court gave the defendant ten days to finally answer the interrogatories. *Id.* at 328. When imposing this sanction, the court noted that the sanction chosen by a court for a discovery violation "must be such that 'a reasonable jurist, apprised of all the circumstances, would have chosen [it] as proportionate to the infraction.'" *Id., citing Salgado v. General Motors Corp.,* 150 F. 3d 735, 740 (7th Cir. 1998); *In re Golant,* 239 F.3d 931, 937 (7th Cir. 2001).

## B
## 1

Here, the Court first finds that a sanction for Fisher Excavating's failure to fully and completely answer the interrogatories is appropriate. As an initial matter, there is no dispute that Fisher Excavating provided incomplete answers to the interrogatories at issue. After IBM filed its first motion for sanctions due to

Fisher Excavating's total failure to answer the interrogatories, this Court directed Fisher Excavating to answer them. Although Fisher Excavating did finally provide answers to the interrogatories on December 22, 2016, counsel for IBM sent a letter to Fisher Excavating's counsel detailing the deficiencies therein. (D. 81 at pp. 78-81). When Fisher Excavating refused to correct those deficiencies, the Court held a hearing wherein it directed the parties to confer regarding those deficiencies and, at the January 14, 2016 hearing after that conferral, the parties noted an agreement regarding the outstanding discovery issues. Pursuant to that agreement, Fisher Excavating agreed to correct its deficiencies, and the Court gave it until February 26, 2016 to do so. Notwithstanding Fisher Excavating's acknowledgement of the deficiencies in its answers to interrogatories and its agreement to correct them at that hearing, to this day Fisher Excavating still has not fulfilled its agreement with IBM nor complied with this Court's order to do so. At the time of IBM's filing of the Second Motion for Sanctions and to Compel, more than 7 months had passed since Fisher Excavating agreed to correct its deficiencies.

     Fisher Excavating now argues that its original answers, provided to IBM on December 22, 2015, are "substantially complete." (D. 93-1 at p. 2). However, Fisher Excavating itself acknowledged the deficiencies in its answers and agreed at the January 14, 2016 hearing to correct them. Accordingly, it cannot now, 7 months later, change its tune and argue that its original answers were substantially complete. Rather, the time for it to make that argument was in January 2016 when, had Fisher Excavating made that argument, the Court could have reviewed the answers to the interrogatories and determined for itself whether the answers were in fact "substantially complete." Fisher Excavating chose a different course, agreed to correct its deficiencies, and still to this day has not done so. Having made that choice and injected several months of delay into

these proceedings, it cannot now change course; it long ago conceded it needed to supplement the answers to interrogatories. Other than this waived "substantial compliance" argument, Fisher Excavating offers in its response no other excuse for its failure to fully and completely answer the interrogatories. Accordingly, this conduct is clearly sanctionable under Rule 37.

**2**

On the question of the appropriate sanction, the Court first finds that the drastic remedy of dismissal of the counterclaim and default judgment on IBM's claims is too drastic at this time, although just barely. As already noted, these sanctions are a last resort and only appropriate where some lesser sanction is not appropriate.

While the Court has already found that Fisher Excavating's failure to provide what it promised in January of 2016 is without excuse, the Court also notes that the parties were engaged in settlement discussions during the ensuing 7 months. Those discussions did ultimately result in the settlement of claims with two of the defendants. At the August 10, 2016 hearing on this discovery dispute, counsel for Fisher Excavating gave those discussions as one of the reasons he failed to provide the answers previously promised. Although IBM's counsel agreed that such negotiations had taken place, he also noted that at no time had he agreed to stop seeking the answers to which he was entitled nor agreed to any type of stay in the provisioning of the same. In other words, Fisher Excavating's counsel at the time apparently bet on the case settling completely, which would eliminate the need to comply with the Court's order. Unfortunately for Fisher Excavating, its settlement with IBM did not materialize, so its counsel made a bad bet. While the above is not an excuse for Fisher Excavating's conduct, it does indicate that its failure was at least not made in bad faith, although it certainly was the result of bad judgment. This bad judgment still

warrants a sanction, but it falls short of warranting the drastic remedies of dismissal and default judgment.

Regarding what the appropriate remedy should be in this case, the Court finds, first, that pursuant to Federal Rule of Civil Procedure 37(b)(2)(B), Fisher Excavating shall pay the attorney's fees and costs associated with IBM's efforts to obtain the supplemental answers to the interrogatories. Those fees and costs are those incurred by IBM after January 14, 2016, when Fisher Excavating agreed to provide those answers, through the filing of Fisher Excavating's response to the motion for sanctions and to compel. **IBM's counsel is directed to submit an affidavit to the Court establishing the amount of these costs and fees on or before February 3, 2017.**

The Court directs Fisher Excavating, rather than its counsel, to pay these fees and costs for two reasons. First, Fisher Excavating's counsel at the time of the events giving rise to the events warranting sanctions has since withdrawn as counsel; Fisher Excavating's current counsel played no role in any of the sanctionable conduct. Second, Fisher Excavating's former counsel intimated at the March 23, 2016 hearing that at least some of the delay in providing full and complete answers to the interrogatories was due to Fisher Excavating. At the end of the day, among IBM, Fisher Excavating's current counsel, or Fisher Excavating itself, the sanction most fairly falls upon the latter.

**Second, the Court directs Fisher Excavating to provide full and complete answers to the interrogatories which are consistent with the agreement it reached with IBM in January of 2016. It shall do so on or before February 3, 2017**.

Third, failure to provide the answers to the interrogatories as set forth in the preceding paragraph in the time period set by this Court will result in

dismissal of Fisher Excavating's counterclaims and entry of default judgment on IBM's claims against it as a sanction for failure to comply with this Order.

Fourth, if Fisher Excavating submits the answers to interrogatories ordered herein but, upon motion of IBM and after giving Fisher Excavating an opportunity to respond, the Court finds that such answers are not full and complete, then, such a finding will result in dismissal of Fisher Excavating's counterclaims and entry of default judgment on IBM's claims against it as a sanction for failure to comply with this Order.

### III

For the reasons set forth above, this Court GRANTS the Motion for Sanctions and to Compel (D. 79) to the extent that the Court finds sanctions are warranted, but DENIES the motion to the extent that it finds that dismissal and default judgment are not appropriate sanctions at this time and, instead, the sanctions set forth in B.2. are appropriate under the circumstances. The Motion to Deposit Funds and for Other Relief (D. 87) is MOOT.

After Fisher Excavating's time for complying with this Order has passed, this Court will set a status hearing for the purpose of setting a prompt bench trial and other related deadlines and hearings. Other than the discovery ordered herein, all other discovery in this matter is closed.

*It is so ordered.*

Entered on January 25, 2017

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE