# IN THE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF ILLINOIS for the use and benefit of IOWA BASED MILLING, LLC,<br>    Plaintiffs,<br><br>v.<br><br>FISCHER EXCAVATING, INC.; CONCRETE STRUCTURES OF THE MIDWEST, INC.; WESTERN SURETY COMPANY; and CONTINENTAL CASUALTY COMPANY,<br>    Defendants. | Case No. 4:12-cv-04082-JEH |

### Order

Before the Court is Plaintiff, Iowa Based Milling, LLC's (IMB), Motion Requesting Entry of Default Against Defendants Western Surety Company and Fischer Excavating. (D. 102).[1] Defendants Western Surety Company and Fischer Excavating have filed a Response. (D. 103). For the reasons stated, *infra*, IBM's motion is DENIED.[2]

IBM filed their initial Complaint in this case in August 2012. (D. 1). Fischer Excavating filed its Counterlaim and IBM filed an Amended Complaint in October 2013. (D. 27; 44). In November 2013, Fischer Excavating answered IBM's Amended Complaint on the same day that all Defendants filed Motions to Dismiss

---

[1] Citations to the Docket in this case are abbreviated as "D. __."
[2] The undersigned presides over this case with the consent of all parties. (D. 72).

for Failure to State a Claim. (D. 45-49). The Court subsequently denied all Defendants' Motions to Dismiss. (D. 56). Fischer Excavating and Western Surety Company acknowledge that they did not file answers in the wake of the Court's ruling. (D. 103 at pg. 2). Discovery in this case is complete and the parties have agreed to proceed to a bench trial in May 2017. (D. 101).

IBM now argues the Court should enter default judgment against Western Surety and Fischer Excavating for failure to answer all or part of its Amended Complaint. (D. 102). Specifically, IBM asserts that the Court should allow entry for default against Western Surety and Fischer Excavating pursuant to Federal Rule of Civil Procedure 55(a). (D. 103). As is evident from the docket, both Western Surety and Fischer Excavating have vigorously defended this claim for over four years. The Court will not resolve this case on a technicality, especially when IBM has not alleged prejudice. *Sun v. Bd. Of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007) ("This Circuit has a well-established policy favoring a trial on the merits over a default judgment. For that reason, a default judgment should be used only in extreme situations, or when other less drastic sanctions have proved unavailing."). Therefore, IMB's Motion for Entry of Default Judgment (D. 102) is DENIED.

Western Surety and Fischer Excavating must, however, file an answer to IBM's Amended Complaint within fourteen (14) days of the date of entry of this order. Failure to file an answer within this timeframe will result in entry of default judgment.

*It is so ordered.*

Entered on April 7, 2017
s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE